UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00376-FDW
(3:08-cr-00087-FDW-2)

| | |
|---|---|
| RICO MCHAM, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. )<br>)| **ORDER** |

**THIS MATTER** is before the Court upon Rico McHam's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and upon the Government's Motion to Dismiss the Motion to Vacate (Doc. No. 5).

### I.  BACKGROUND

On October 22, 2008, McHam pled guilty in this Court to one count of conspiracy to possess with intent to distribute, and distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and to one count of distributing and possessing with intent to distribute cocaine and aiding and abetting the same, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and 18 U.S.C. §2.  Accept. and Entry of Plea, Doc. No. 23.[1]  The probation office prepared a Presentence Investigation Report ("PSR"), which found that McHam had at least two prior felony convictions of either a crime of violence or a controlled substance offense, including a 2002 conviction in North Carolina for common law robbery and a 2006 conviction in North

---

[1] Unless otherwise indicated, all document citations not in parentheses are from the docket in the underlying criminal case: United States v. McHam, 3:08-cr-00087-FDW-2 (N.C.W.D.).

1

Carolina for possession with intent to sell and deliver marijuana and selling marijuana (as a single predicate), that qualified him as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 41B.2. PSR ¶¶ 24, 36, 40, Doc. No. 33.

Based on the career-offender enhancement, McHam faced an advisory Sentencing Guidelines range of 262 to 327 months imprisonment. PSR ¶ 93. The Court imposed concurrent sentences of 140 months each. J., Doc. No. 37; Stmt. of Reasons, Doc. No. 38. McHam did not file a direct appeal.

On June 16, 2016, McHam filed the instant Motion to Vacate through counsel, arguing that his sentence should be vacated and that he should be resentenced without the career-offender enhancement because his prior North Carolina conviction for common law robbery no longer qualifies as a predicate felony offense under U.S.S.G. § 4B1.2, in light of the Supreme Court's holding in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). (Doc. No. 1.) The Court stayed this action on November 21, 2016, pending the United States Supreme Court's resolution of <u>Beckles v. United States</u>. (Nov. 21, 2016 Text-Only Order.)

<u>Beckles</u> has now been decided, 137 S. Ct. 886 (2017). The Government has filed a Motion to Dismiss the § 2255 Motion to Vacate based on <u>Beckles</u> (Doc. No. 5), and McHam's counsel moved to withdraw from representation (Doc. No. 8). The Court granted counsel's motion to withdraw and issued an Order advising McHam of his ability to withdraw his § 2255 Motion without prejudice, or respond to the Government's Motion to Dismiss by June 20, 2017. (Doc. No. 10). McHam has neither moved to withdraw the § 2255 Motion to Vacate nor responded to the Government's Motion to Dismiss.

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United

States District Court, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion. See id. After conducting its review, the Court finds that the issue presented in the Motion to Vacate can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

In Johnson, made retroactive to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1).

McHam was not convicted of being a felon in possession of a firearm; thus, his sentence was not enhanced under the ACCA. Moreover, the holding in Johnson does not extend to the Sentencing Guidelines. See Beckles, 137 S. Ct. at 892. In Beckles, the Supreme Court held that the advisory Guidelines, including the career offender residual clause, are not subject to a vagueness challenge under the Due Process Clause. Id. Thus, McHam is not entitled to relief under Johnson. Id.

### IV. CONCLUSION

Johnson does not afford McHam relief from his sentence. Accordingly, the Court shall grant the Government's Motion to Dismiss and dismiss McHam's § 2255 Motion to Vacate.

3

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss the 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 5) is **GRANTED**;

2. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** for the reasons stated herein; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 3, 2018

Frank D. Whitney
Chief United States District Judge